### CHECKER CAB MFG. CORPORATION v. GREEN CAB CO. et al.

Circuit Court of Appeals, Sixth Circuit. November 13, 1929.

No. 5183.

L. C. Spieth, of Cleveland, Ohio (White, Cannon & Spieth, of Cleveland, Ohio, on the brief), for appellant.

John B. Oviatt, of Cleveland, Ohio, for appellees.

Before DENISON, HICKS and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. This is an action to enjoin infringement of technical trade-mark claimed by plaintiff, here appellant, as a manufacturer of taxicabs. The mark in question is a narrow band of checker-

board design, alternate squares of white and black, around the body of the cab just below the mid-line or top structure. The bill was dismissed in the court below.

Defendant began the operation of taxicabs in the city of Cleveland in the spring of 1923, then purchasing fifty of the plaintiff's cabs, only one of which then bore the checker border. Green predominated in the original color scheme, and the defendant company has been known since organization as the Green Cab Company. Shortly after organization, the plaintiff persuaded the defendant to adopt the checker border for all of its cabs, and such border has since been used, in addition to the other elements of the color scheme, to identify the cabs of the defendant as an operating company. A profitable business has been developed by defendant through rendering prompt, efficient, and courteous service. Defendant is not a dealer in taxicabs, except in so far as it is now engaged in operating under the driver-owner plan whereby the drivers purchase their own cabs and operate as units of one organization. Such plan, however, was adopted to create a spirit of greater responsibility on the part of the drivers, and does not, we think, detract from the unity and integrality of the operation as one by and in the continuing interest of the corporate defendant. In the fall of 1925 the defendant ceased to purchase its cabs from plaintiff, and bought from others, and this action is to enjoin the use of the checker border upon those cabs not purchased from plaintiff.

The original contracts between plaintiff and defendant, while exclusive in the sense that the defendant agreed to purchase its needs only from the plaintiff, contained no provision for the use of the checker border. This was entirely optional with the purchaser. Nor did the contract make provision for the abandonment of use of this border by defendant upon the termination of the contract. The plaintiff is not an operator of taxicabs in Cleveland, and is interested in control of the checker border as an operating trade-mark only in so far as licenses for its use may be granted to operating companies, and so serve as an inducement for the purchase of equipment. There is no evidence of confusion as to the origin of cabs bearing the checker border or of damage to the business of plaintiff from the use by defendant or others of the checker border upon cabs of inferior quality. The issue is one of technical trade-mark exclusively.

Assuming, without deciding, that the plaintiff could secure a valid manufacturer's trade-mark in the checkered band, we are of the opinion that such right may not be extended to cover the use of such mark by the defendant as disclosed by the present record.

The case involves questions both of use of the same trade-mark in trades of different description and territorial limitations as to such use. Here the plaintiff has induced and persuaded the defendant to use the checker border as its symbol of service. A valuable good will has been created. The public of Cleveland and vicinity has learned to recognize the checker border as indicating a favorably regarded type of service. The plaintiff is a manufacturer solely; the defendant an operator. The elements of unfair competition present in such cases as Buckspan v. Hudson's Bay Co., 22 F.(2d) 721 (C. C. A. 5) and Western Oil Refining Co. v. Jones, 27 F.(2d) 205 (C. C. A. 6), are entirely absent here. Thus we are of the opinion, not only that the uses are sufficiently different to justify the defendant in a continuance of its use (American Steel Foundries v. Robertson, Com'r, 269 U. S. 372, 46 S. Ct. 160, 70 L. Ed. 317) but also, if the rights of plaintiff may legitimately be said to extend to the employment of the checker border in an operating business, that plaintiff cannot be said to have first adopted such operating trade-mark in the Cleveland territory. Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 S. Ct. 357, 60 L. Ed. 713; United Drug Co. v. Rectanus, 248 U. S. 90, 39 S. Ct. 48, 52, 63 L. Ed. 141.

In United Drug Co. v. Rectanus the court says, at page 100 of 248 U. S., 39 S. Ct., 63 L. Ed. 141: "It would be a perversion of the rule of priority to give it such an application in our broadly extended country that an innocent party who had in good faith employed a trade-mark in one State, and by the use of it had built up a trade there, being the first appropriator in that jurisdiction, might afterwards be prevented from using it, with consequent injury to his trade and good-will, at the instance of one who theretofore had employed the same mark, but only in other and remote jurisdictions, upon the ground that its first employment happened to antedate that of the first-mentioned trader." This suggests the element of estoppel so emphasized by the facts of the present case. It is repugnant to all principles of equity that, having induced the defendant to use the checker border, and having permitted a valuable good will to be developed through its use in a definitely localized territory, plaintiff should now be permitted to destroy this good will or to appropriate it in the same territory to a competing and newly organized taxicab service. Such retention of rights in operation and con-

tinued control of a trade-mark could be preserved, if at all, only by express provision in the original contract, which provision the parties here have seen fit to omit.

For the reasons above stated, it is unnecessary to pass directly upon the questions of validity of plaintiff's trade-mark as a manufacturing mark, priority of appropriation, or abandonment in the present field. It is sufficient to hold that as to Cleveland and its contiguous territory the plaintiff has no trade-mark rights in the checker border as a symbol of operating service which would justify relief against the present defendants.

The judgment of the District Court is affirmed.