**NISLEY SHOE CO. v. NISLEY CO. et al.**

**NISLEY CO. et al. v. NISLEY SHOE CO.**
Nos. 6465, 6481.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1934.

H. A. Toulmin, Jr., of Dayton, Ohio (H. A. Toulmin, of Dayton, Ohio, on the brief), for Nisley Shoe Co.

Francis J. Wright and Earl F. Morris, both of Columbus, Ohio (Arnold, Wright, Purpus & Harlor, of Columbus, Ohio, on the brief), for Nisley Co. and G. Edwin Smith Shoe Co.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Since 1905 Charles Nisley has owned and operated a retail shoe store in Springfield, Ohio, under the corporate names of Nisley Arcade Shoe Company and Nisley Shoe Company. Throughout this time he has used the trade-mark "Nisley" on his shoes and containers. For many years he purchased his shoes from the G. Edwin Smith Shoe Company. In 1924 the Smith Company decided to establish retail stores as an outlet for its product, and to that end obtained the services of Nisley. Not wishing to jeopardize its business of selling to other retailers, it organized a new corporation, which, with Nisley's consent, it named the Nisley Company. Nisley was made president of the new company and proceeded to open retail stores throughout the country, with the result that by 1927 some thirty of such stores had been established. These stores were known as Nisley stores, and the shoes sold by them were marked "Nisley." Charles Nisley continued to operate his Springfield store and to sell shoes likewise marked. The Nisley Company paid him $15,000 a year for his services up to the fall of 1925, and thenceforth, until he severed his connection with it in March, 1927, paid him $12,000 a year. Two years later he informed the company that it was infringing the trade-mark of the Nisley Shoe Company. On May 3, 1929, the Nisley Shoe Company filed this suit against the Nisley Company and the G. Edwin Smith Shoe Company, alleging that they had been guilty of unfair competition in using the name "Nisley" on their shoes and stores, and asking that they be enjoined from further using it and be compelled to account for profits derived from its use from 1924. By answer the defendants denied that they had used the name unlawfully, and the Nisley Company filed a cross-bill asking that the Nisley Shoe Company be enjoined from using it except in Springfield. The District Court enjoined the defendants from using the name, but refused to order an accounting, and dismissed the cross-bill. 2 F. Supp. 723. The plaintiff has appealed from so much of the decree as refused to order an accounting, and the defendants have appealed from that part granting the injunction. The dismissal of the cross-bill is not complained of.

■■ The Nisley Company has not entered the Springfield territory, but has established its stores in other parts of the country. The plaintiff has never registered the name "Nisley" as a trade-mark. Its right to exclude others from using the name depends upon an established identity with its shoes. It cannot claim the right in territory to which it has not expanded or may not reasonably be expected to expand its trade. Western Oil Refining Co. v. Jones, 27 F.(2d) 205 (6 C. C. A.); United Drug Co. v. Theodore Rectanus Co., 248 U. S. 90, 98, 39 S. Ct. 48, 63 L. Ed. 141. It has done a substantial business in Springfield, but it has no salesmen other than those in its single store and has no branch store there or elsewhere. The only advertising it has done has been in local papers. There is some evidence to show that it has made sales to persons residing outside of Springfield. The exact number does not appear, because records of the business have not been kept. Nisley testified that many of these sales were made to people who had formerly resided in the city and placed their orders while back in the city on a visit, or had ordered by mail because they knew the store had a record of their sizes. In view of the manner in which the store has been operated, we think these sales must be treated as casual, and not as constituting a pre-emption of territory outside the vicinity of Springfield.

■ The plaintiff contends that even if it be found that its use of the name has been con-

120

fined to Springfield, the injunction should nevertheless be sustained, because the Nisley Company's use of it is not an innocent one. It is true that protection in the use of a trademark in a district other than the district in which it was first used by another is sometimes made to depend upon the later user's lack of knowledge of the earlier use. This rule cannot be invoked in the present case, because the Nisley Shoe Company is owned by Charles Nisley, and he not only acquiesced in the defendants' use of the name but actually promoted and encouraged it. Neither he nor his company can now claim that the defendants have no right to use the name outside of Springfield. Checker Cab Mfg. Corporation v. Green Cab Co., 35 F.(2d) 631 (6 C. C. A.).

It is also contended that in any view the plaintiff is entitled to compensation for the use of the name. While the unusual character of the name might have some value, the evidence does not show that the retail business of the defendants might not have been quite as successful under some other name. There was no definite agreement to pay Nisley or his company for the use of the name. There was a conversation between him and Mr. Smith of the Smith Company in which Nisley stated that other factories had asked him to buy shoes for his store from them, to which Mr. Smith replied: "Do not pay any attention to what they offer you; we will do for you twice as much. No matter what they offer you, we will do twice as much." The use of the name could not, of course, be made the subject of contract without the sale of the business or property to which it attached. Dietz v. Horton Mfg. Co., 170 F. 865, 871 (6 C. C. A.); National Distilling Co. v. Century Liquor & Cigar Co., 183 F. 206, 211 (6 C. C. A.); Hanover Milling Co. v. Metcalf, 240 U. S. 403, 414, 36 S. Ct. 357, 60 L. Ed. 713. But even if it could, the statement of Smith cannot be interpreted as a promise to pay for the use. It could just as reasonably be interpreted as referring to the salary to be paid him. Nisley not only received this salary but consented to the use of the name and assisted the defendants in establishing and building up their retail business under that name. He cannot now claim that his company is entitled to compensation.

The decree is vacated and set aside so far as it grants an injunction against the use of the name by the defendants outside of Springfield and its vicinity, but in other respects is affirmed.