## DISTILLERS BRANDS, Inc., v. AMERI-CAN DISTILLING CO.

District Court, S. D. New York.

Oct. 13, 1938.

Milbank, Tweed & Hope, of New York City (John A. Kelly and F. Trowbridge vom Baur, both of New York City, of counsel), for plaintiff.

Watson, Bristol, Johnson & Leavenworth, of New York City (D. A. Woodcock, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The plaintiff brought suit for injunction and accounting of profits because of alleged infringement of trademark and unfair competition. Suit was commenced in the state court and removed for diversity of citizenship.

The plaintiff, a bottler of whiskey, had as a customer King Distributing Company, a concern in the liquor business in Florida. In the fall of 1934 the King Company asked the plaintiff to suggest a distinctive name and to prepare special labels for whiskey to be bottled and delivered to it. The plaintiff suggested the name King's Pride and submitted samples of labels for the bottles. The King Company having indicated approval, the whiskey thereafter sold to it by the plaintiff bore the name King's Pride and carried the labels agreed upon. The front label contained the words, "King's Pride Straight Whiskey, Bottled for King Distributing Co., Jacksonville, Florida." The back label was: "King's Pride. Tasted and tested to' assure highest quality, mellow flavor and freedom from deleterious ingredients. William H. Yates, Chem. King Dist'g Co." The plaintiff's name did not appear on the labels or elsewhere on the bottles, and it sold no whiskey so named to any other customer. The King Company proceeded to build up a trade in the King's Pride whiskey.

A few months later, in March 1935, the King Company began to buy whiskey from

the defendant. It sent the defendant labels that were practically identical to those on the whiskey it had been purchasing from the plaintiff and instructed the defendant to place them on the bottles of whiskey to be delivered. The defendant made up the labels as instructed and sold bottles of whiskey so labelled to the King Company which in turn supplied them to its customers. The plaintiff insists that the defendant's conduct was an infringement of trademark and amounted to unfair competition.

■ On the facts in evidence the trademark "King's Pride" undoubtedly belonged to the King Company, not to the plaintiff. The bottles bore the mark "King's Pride", followed by the words "Bottled for King Distributing Company", and carried no mention of the plaintiff. The mark itself, "King's Pride", is internal evidence that it was the mark of the King Company, and the collocation of the mark with the name of the King Company on the labels makes unmistakable the fact that it was the mark of the King Company. So far as consumers were concerned, the distillers and the bottler were anonymous. The King's Pride whiskey had only the sponsorship of the King Company as distributor. Where a trademark indicates a distributor of merchandise rather than the maker, it is the distributor who acquires the trademark rights. For the public associates the goods so marked with the distributor and knows not the identity of the maker. Menendez v. Holt, 128 U.S. 514, 9 S.Ct. 143, 32 L.Ed. 526; Checker Cab Mfg. Corporation v. Green Cab Co., 6 Cir., 35 F.2d 631; Michigan Condensed Milk Co. v. Kenneweg Co., 30 App.D.C. 491; Nelson v. J. H. Winchell & Co., 203 Mass. 75, 89 N.E. 180, 23 L.R.A.,N.S., 1150; Nims On Unfair Competition and Trademarks, 3d Ed., sections 193, 212. The fact that it was the plaintiff who suggested the adoption of "King's Pride" as a trademark for the King Company amounts to nothing. The plaintiff was bound to know that the trademark as shown on the labels would become the brand of the King Company. So the plaintiff had no trademark rights in King's Pride whiskey.

■ The claim of unfair competition is likewise without merit. Any good will in King's Pride whiskey was the good will of the King Company. That concern unquestionably had the right to buy whiskey where it pleased and to sell such whiskey under its own trademark and labels, without let or hindrance from the plaintiff. By the same token, the defendant infringed no right of the plaintiff, did nothing unfair when it followed the instructions of the King Company and placed the King's Pride labels on whiskey sold to the King Company. Under such circumstances it is fantastic to say that there was a palming off of the defendant's goods as those of the plaintiff.

The plaintiff makes the point that "William H. Yates, Chem." is a chemist in its employ and that this name appeared on the labels of whiskey sold by the defendant to the King Company. The point is of trifling importance. It is not contended that consumers knew that Yates was connected with the plaintiff or that the presence of his name identified the product to the public as a product bottled by the plaintiff. The position of the Yates name on the labels, directly above the name of the King Company, would naturally lead to a belief that he was connected with the King Company. That was the defendant's belief until it was advised differently by the plaintiff, and after such advice the defendant dropped this name from the labels.

Reliance is placed by the plaintiff on Shaver v. Heller & Merz Co., 8 Cir., 108 F. 821, 65 L.R.A. 878. The facts there were different. In the Shaver case the names used by the jobber were evidently names under which the manufacturer had previously sold goods to the public, and the jobber admittedly used the manufacturer's trademark.

The bill will be dismissed on the merits, with costs to the defendant. Findings and conclusions in line with this opinion may be submitted.