387 P.2d 691

**SECURITY TITLE INSURANCE AGENCY, now known as Security Title Guaranty Company and Security Title Company, Utah corporations, Plaintiffs and Respondents,**

**v.**

**SECURITY TITLE INSURANCE COMPANY, a California corporation, Defendant and Appellant.**

**No. 9925.**

Supreme Court of Utah.

Feb. 6, 1964.

McKay & Burton, Macoy A. McMurray, Salt Lake City, for appellant.

Allen H. Tibbals, Earl P. Staten, Salt Lake City, for respondents.

WADE, Justice.

This appeal is by the defendant Security Title Insurance Company, a foreign corporation authorized in 1961 to do business in this state as a title insurer, from a judgment enjoining it from using the words, "Security Title," in any combination in its name in doing business with land titles, abstracting, or as a title insurer within this state.

The record discloses that the plaintiffs and respondents herein, Security Title Insurance Agency whose name was changed during the pendency of this suit to Security Title Guaranty Company, and the Security Title Company, are Utah corporations whose principal owner is one Mark Eggertsen. Mark Eggertsen first used the words, "Security Title," in connection with land titles, abstracting and as agent for title insurance in 1942 when he formed a corporation known as Security Title and Abstract Company, with its place of business in Provo, Utah. In 1944 Mark Eggertsen, with others, formed a Utah corporation known as Security Title Company which did a statewide business in land title examinations, abstracting and acting as agent for qualified title insurance companies. Former employees and associates of respondents are now doing land title examinations, abstracting and acting as agents for title insurance companies in various counties within this state as affiliates of respondents and have been given the right by respondents to use the words, "Security Ti-

tle," in their names. About 75% to 80% of respondents' business comes from lawyers, lending institutions, real estate brokers and like clientele. To this type of professional clientele the words, "Security Title," has become synonymous with Mark Eggertsen and companies affiliated with him regardless of the combination in which those words were used, i. e., Security Title Company, Security Title Insurance Agency, Security Title Guaranty Company, or even Security Title Insurance Company, which latter name was never one of respondents' names. There was evidence that mail intended for respondents was addressed by professional customers to Security Title Insurance Company, appellant's name, and delivery made to respondents. This indicates that in the area, the subject of this case, and possibly those areas of the state where the title has become associated with respondents' business (which latter matter we do not decide), the words, "Security Title," has obtained a secondary meaning synonymous with respondents, and the other words in the combinations contained in respondents' names are not so important in the minds of their customers. Under such name respondents and their affiliates have acquired an excellent reputation for the services they render and over the years have built up a considerable good will. Appellant at the time this suit was brought had not acquired a substantial business in this state.

The record reveals that appellant, Security Title Insurance Company, is a title insurer which has done business under that name in California since 1920. When it applied for authority to do business in Utah it was aware of the fact that respondents were doing abstracting, land title examinations and acting as agents for title insurers in which the words, "Security Title," were the identifying factors in respondents' names. Although appellant is a title insurer and not in the business of abstracting and examining land titles in this state, nevertheless, the business activities of respondents and appellant are so closely related that unfair activities can have a deleterious effect. This is so because respondents' and appellant's services are connected with land titles, and the customer's ultimate need is supplied by the same type of preliminary services as to title. It need hardly be stated that title insurance is not issued before a preliminary search and examination of the land title has been made, and that, of course, is the type of services rendered by respondents. It is by rendering this type of service that respondents are able to obtain most of their business as agents for title insurance companies.

When respondents learned that appellant was contemplating seeking authority to do business within the state of Utah, they informed appellant that they would object to the use in Utah of the words, "Security Title," appearing in its name because it

would be confusing to their customers. Appellant ignored this protest. After it qualified to do business in Utah, appellant appointed the Stanley Title Company, an abstracting company whose principal place of business had been in Heber, Utah, as its agent. Upon such appointment the Stanley Title Company moved into an office in Salt Lake City across the street from the office in which respondents had been located for at least 11 years. With the knowledge and consent of appellant, the Stanley Title Company had imprinted on its front window the words, "State Agent for Security Title Insurance Company, Los Angeles, California." Appellant also furnished the Stanley Title Company with forms for preliminary title examination reports on the back of which the printed words, "Security Title," were predominantly printed in large type; the words, "Insurance Company," printed in smaller type, and the words, "a California Corporation," printed in even smaller type. The evidence disclosed that although in the past the Stanley Title Company had acted as agent for other title insurance companies, it had never seen fit to advertise the names of any such companies on its office windows. In fact, the only office on which the name of a title insuring company was ever printed on the window of the Stanley Title Company was appellant's name in its Salt Lake office located across the street from respondents.

Such name was not printed on the Heber City office.

 The facts in the instant case as to the locations of appellant's and respondents' businesses and the advertising of appellant bear a sufficient similarity to the methods used by the defendant in the case of the Budget System, Inc. v. Budget Loan & Finance Plan,[1] so that it could reasonably be assumed here, as it was in that case, that the appellant's actions might not be entirely innocent, and that it would not be averse to having potential customers confuse its business with that of respondents. In the Budget System case this court upheld the district court's decision enjoining the use by the defendant therein of the generic term, "Budget," in its name, even though it was not shown that the general public was harmed by any confusion which resulted from the use of similar names. In that case, as in the instant case, the plaintiff therein had, through extensive effort and advertising, built up a reputation and good will for its business in which the generic term could be found to have acquired a secondary meaning in the minds of the general public using its services as being synonymous with plaintiff's business. There are eminent authorities which hold that a property right cannot be acquired in a generic term commonly used by many

1. Budget System, Inc. v. Budget Loan & Finance Plan, 12 Utah 2d 18, 361 P.2d 512.

people.[2] However, in the Budget System case we followed the cases which held that under proper circumstances a business could acquire a property right in a generic term which equity will protect. The court therefore did not err in enjoining the use by appellant of the words, "Security Title," as a part of its name in its business, conducted in Salt Lake City and its environs, which tend to indicate to the public that appellants were in fact conducting the respondents' business. But that part of the injunction preventing appellant from using the name or similar ones anywhere in the state of Utah, was too general in its scope, and should have confined such injunction to the gist of this case, viz: operations in Salt Lake City and its environs. Any contest as to use of the name elsewhere in the state will have to be met when the facts of any particular case make the matter controversial.

Affirmed in part with instructions to modify the judgment in consonance with the view hereinabove expressed. Costs to respondents.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

**2.** See cases in Anno. 66 A.L.R. III, commencing page 957, and 115 A.L.R. III, commencing page 1244.