391 P.2d 298

William Garth SEEGMILLER and Marjorie Seegmiller, d/b/a Mademoiselle Beauty Salon or Mademoiselle Salon of Beauty, Plaintiffs and Appellants,

v.

Al HUNT, d/b/a Mademoiselle Coiffures, Defendant, Respondent and Cross-Appellant.

No. 9933.

Supreme Court of Utah.

April 15, 1964.

Lionel M. Farr, Salt Lake City, Christenson, Novak, Paulson & Taylor, Provo, Philip A. Mallinckrodt, Salt Lake City, for appellants.

Wallace R. Woodbury, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiffs appeal from a judgment denying them injunctive relief against the defendant's use of the name "Mademoiselle" in connection with the latter's operation of a beauty parlor. They also appeal from the lower court's judgment that their registration of "Mademoiselle" as a trade name was invalid. Defendant cross-appeals from a denial of costs and damages.

On or about May 1, 1959, plaintiffs commenced operating a beauty parlor in Provo, Utah under the name of "Mademoiselle Salon of Beauty." Prior to this time they had owned and operated a similar parlor under the name of "Marjorie's Salon of Beauty." In addition to performing the usual services of a beauty salon, plaintiffs sold a hair styling spray in a pressurized can bearing the label "Mademoiselle." They advertised the "Mademoiselle Salon of Beauty" through the local radio and television stations, the local newspaper, and the local and adjacent telephone directories. On June 2, 1961, plaintiffs registered the name "Mademoiselle" with the Secretary of State.[1]

Prior to the time of the registration, defendant, on or about May 19, 1961, opened a beauty salon in Ogden, Utah under the name of "Mademoiselle Coiffures." The evidence is to the effect that he was unaware of the existence of plaintiffs' shop in Provo. The opening of his shop was preceded by an advertising campaign in the Ogden area.

The lower court rightly found that Ogden and Provo (approximately 100 miles apart) comprised separate geographic trade areas, and that the use of the name "Mademoiselle" by defendant did not interfere with plaintiffs' business or confuse the public.[2] Plaintiffs were able to produce evidence of only isolated instances when services were performed upon persons outside the Provo trade area or the hair spray sold elsewhere. With respect to the hair spray, the evidence was to the effect that it was manufactured by a firm in Salt Lake City and sold to a great number of beauty salons and sold under their respective names and labels.

The court has recognized the principle that equity will protect a trade name in the area which is coextensive with its reputation.[3] The extent of this area, and its boundaries, is a question of fact rather than law.[4] The lower court found that the good will of plaintiffs' use of

1. Ch. 3, Title 70, U.C.A.1953.
2. See Nisley Shoe Co. v. Nisley Co., 72 F. 2d 118, (C.A.6th, 1934).

3. Budget System, Inc. v. Budget Loan & Finance Plan, 12 Utah 2d 18, 361 P.2d 512 (1961).
4. Nims, Unfair Competition and Trade-Marks, 4th Ed. Vol. 1, p. 150.

"Mademoiselle" had not extended to the Ogden trade area sufficiently to warrant its protection there. Upon the evidence presented, we must agree with the court below.

■ We also sustain the lower court's conclusion that the plaintiffs are not protected as against defendant, by their registration with the Secretary of State. He rightly found that the defendant commenced using the name "Mademoiselle" prior thereto and had not abandoned the same.[5]

■ The trial court refused to find that plaintiffs had knowingly made any false representations in their registration of the trade name and therefore denied defendant's claim for costs and damages under the provisions of the statute.[6] The evidence that plaintiffs knew of defendant's use of the name "Mademoiselle" at the time of their registration does not clearly preponderate, and, therefore, the defendant's cross-appeal must be denied.

Affirmed. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.

5. 70–3–2, U.C.A.1953.