417 P.2d 121

**PIONEER SAVINGS AND LOAN ASSOCIATION, a Utah corporation, Plaintiff and Respondent,**

v.

**PIONEER FINANCE AND THRIFT COMPANY, a Utah corporation, and Pioneer Finance and Thrift Company of Salt Lake City, a Utah corporation, Defendants and Appellants.**

No. 10227.

Supreme Court of Utah.

July 27, 1966.

Olsen & Chamberlain, Richfield, for appellants.

Pugsley, Hayes, Rampton & Watkiss, Zar E. Hayes, Salt Lake City, for respondent.

DAY, District Judge:

The plaintiff corporation which does business as a savings and loan association at

1045 East 21st South Street in Salt Lake City, Utah, brought this action to enjoin the defendants from carrying on and conducting a business concerned with financing in the "Sugarhouse" area of Salt Lake City under the name and style of "Pioneer Finance and Thrift Company," or under any name of which the word "Pioneer" forms a part. Both parties filed motions for summary judgment after some discovery proceedings were had. The trial court denied the defendants' motion and granted the plaintiff's motion, permanently enjoining and restraining the defendants from using the name of "Pioneer Finance and Thrift Company" or any similar name which may be confused with the plaintiff's name of Pioneer Savings and Loan Association, in carrying on and conducting its industrial loan business within the limits of what the trial court defined as the Sugarhouse trade area of Salt Lake City, being that area bounded on the North by 17th South Street, on the South by 27th South Street, on the East by 13th East Street, and on the West by 7th East Street. The defendants appeal from such decree.

Although there is some minor disagreement between the parties as to admissions and answers to interrogatories, in substance the record in this matter discloses, and there is no real dispute that, the plaintiff corporation was incorporated in Utah on March 4, 1954 and shortly thereafter was authorized by the Utah State Banking Department to carry on and conduct a business as a savings and loan association. It commenced such business at 1045 East 21st South Street, Salt Lake City, Utah under the name and style of "Pioneer Savings and Loan Association" on the 28th day of April, 1955 and ever since has continued such business at that address which is within the corporate limits of Salt Lake City and is also within a particular trade and business area of Salt Lake City known as "Sugarhouse."

As to the defendants, their predecessors commenced business as Pioneer Finance Corporation at Richfield, Utah on July 28, 1948 under the same name at Provo, Utah on March 1, 1949; under the same name at 29 East Center Street, Midvale in Salt Lake County, Utah on August 9, 1951. These businesses have continued, later under the name and style of Pioneer Industrial Loan Company and later under the name and style of Pioneer Finance and Thrift Company, under which last name and style they still continue doing business in the said communities. Pioneer Finance and Thrift Company, later changed to Pioneer Finance and Thrift Company of Salt Lake City, commenced business at 434 East 4th South Street, Salt Lake City, Utah on July 1, 1955 and has since continued doing business under that name and style and at that address. Pioneer Finance and Thrift Company of Ogden commenced and is still doing business in Ogden, Utah since Novem-

ber 17, 1956. Pioneer Finance and Thrift Company of Roy commenced and is still doing business at Roy, Utah since November 17, 1956. Pioneer Construction Company was organized August 3, 1959 and has since continued to do business with offices in the Deseret Building, Salt Lake City, Utah. With the exception of the Pioneer Construction Company which does general construction work, including the building and financing of homes for resale, all of the defendants and their parent companies and subsidiaries are in the business of loaning of funds under the Industrial Loan Act of Utah, together with the sale of insurance and other related servicing activities. The defendants and their related companies all have a common management and ownership.

During the year 1964 the defendants commenced construction of a building at 1025 East 21st South Street, Salt Lake City, Utah for the purpose of providing office space for their various supervisory operations and also for the purpose of furnishing space to Pioneer Finance and Thrift Company of Salt Lake City for conducting and continuing its business of making small loans and industrial loans. Such address is on the same side of the same street, within a few street numbers, and within 100 feet of plaintiff's place of business.

As noted above, plaintiff commenced this action to enjoin the defendants from carrying on a business concerned with financing in the "Sugarhouse" area under the name and style of "Pioneer Finance and Thrift Company" or under any name of which the word "Pioneer" forms a part; the trial court granted the plaintiff's motion for summary judgment, denying the defendants' motion therefor, and defendants appeal.

Although this is a summary judgment matter in which the record is reviewed in the light most favorable to the losing party, yet such judgment must be granted and upheld by this court if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law, Rule 56(c), Utah Rules of Civil Procedure. As is stated in the holding of the recent case of Allen's Products Company v. Glover, et al., decided by this Court on May 17, 1966, 18 Utah 2d 9, 414 P.2d 93:

> "* * * the trial judge not only can but should grant a motion for summary judgment if he feels certain that he would rule that way no matter what proof a party could produce in support of his contentions."

In that case, which was a contest between rival soft-drink and eating establishments called drive-ins, injunctive relief was sought in the use of a building design. Plaintiff's closest similar building and drive-in was located 17 miles away from defendants' drive-in in another community and county, although on the same highway. This Court gave significance to the distance

the businesses were apart in their location, in holding that the trial court had been correct in granting the defendants' motion for summary judgment and denying the injunctive relief sought. This court there stated:

"There is also some significance in the distance the businesses are apart. If one business such as plaintiff's, having a particular design of building presenting a unique appearance has been established for considerable time, and another similar to it were placed comparatively close to it in the same trade area, a problem such as we here consider might be quite different than it is under the facts of this case. The plaintiff's drive-ins are in Utah County and the nearest one to Salt Lake County is in American Fork. The defendant's business is not in the same trade area, but is around the Point Of The Mountain, 17 miles away, at Midvale in Salt Lake County."

This Court has had occasion to consider questions similar to those of the instant case in these fairly recent cases: Budget System, Inc., v. Budget Loan and Finance Plan, 12 Utah 2d 18, 361 P.2d 512, decided April 6, 1961, wherein the court enjoined the use of the word "Budget" by the defendant which commenced its finance business within one-half block of the plaintiff's business; Security Title Insurance Agency, et al. v. Security Title Insurance Company, 15 Utah 2d 93, 387 P.2d 691, decided February 6, 1964, wherein the court enjoined the use of the words "Security Title" by the defendant in doing its business with land titles, abstracting or as a title insurer within Salt Lake City and its environs; and Seegmiller, et al. v. Hunt, 15 Utah 2d 269, 391 P.2d 298, decided April 15, 1964, wherein the court refused to enjoin the use of the name "Mademoiselle" in connection with the beauty parlor business where the plaintiffs' beauty parlor was in Provo, Utah and the defendant's beauty parlor was in Ogden, Utah, a distance of approximately 100 miles apart.

In the "Budget" case, this Court, in commenting at page 513 of 361 P.2d, that the plaintiff had its place of business in about the center of the 800 block on State Street in Salt Lake City for about 20 years and for about 15 years of that time at its present street address and location, stated:

"It would seem something less than a friendly coincidence that when defendant began use of the name 'Budget' it did so on a corner location one-half block away from plaintiff's place of business. Of similar bearing is the emphasis upon the word 'Budget' in letter heads and outdoor electrical signs. From these one would not get the impression that defendant made an attempt to modestly initiate the new name into its operations by overshadowing it with either of the words 'Loan,' 'Finance,' or 'Plan.'"

This Court in that case upheld the trial court in concluding that the plaintiff had acquired the right to exclusive use of the word "Budget" in the finance business in the Salt Lake City locality, and even though there was no showing of public harm. It is noted that this Court upheld the trial court finding that defendant's use of the word "Budget" in its name caused confusion and deception to the public in the Salt Lake City area.

In the "Security Title" case the plaintiff had started using the words "Security Title" in Provo, Utah in 1942 in connection with the business of land titles, abstracting and as agent for title insurance. In 1944 the plaintiff incorporated, doing a statewide business in the same lines and had offices in Salt Lake City. The defendant in that case had done business in California under its name since 1920, and was authorized to do business as a title insurer in Utah in 1961. Upon being so authorized the defendant employed an abstracting company at Heber, Utah as its agent, which agent then moved into an office in Salt Lake City across the street from plaintiff's office where it had been located for at least 11 years. This Court upheld the trial court in enjoining the defendant from use of the words "Security Title" as a part of its name in its business conducted in Salt Lake City and its environs, rescinding the trial court's injunction, however, as to the rest of the State of Utah as too general in scope.

In the "Mademoiselle" case, the plaintiffs commenced a beauty parlor operation in Provo, Utah on about May 1, 1959 under the name of "Mademoiselle Salon of Beauty," registering the name of "Mademoiselle" with the Secretary of State on June 2, 1961. On about May 19, 1961, the defendant opened a beauty parlor in Ogden, Utah under the name of "Mademoiselle Coiffures," and suit resulted asking that the defendant be enjoined from using the name "Mademoiselle" in connection with the beauty parlor business. This Court upheld the trial court's finding that Ogden and Provo, Utah, which are approximately 100 miles apart, comprise separate geographic trade areas and that the use of the name "Mademoiselle" by the defendant did not interfere with the plaintiffs' business or confuse the public, stating:

"The court has recognized the principle that equity will protect a trade name in the area which is coextensive with its reputation. The extent of this area, and its boundaries, is a question of fact rather than law."

And we held in the "Security Title" case that a business can acquire a property right in a generic term which equity will protect.

The instant case is illustrative of the fact that while the parties have both used the name "Pioneer" in conducting their respective businesses over a number of years, they have done so in different trade areas, and while there may have been some minor confusion by the public, it has not been of

such substance as to cause any real concern, even though the plaintiff has been conducting its business at the trade area of Sugarhouse in Salt Lake City since 1955 with the defendants conducting their businesses at the downtown trade area of Salt Lake City also since 1955, in the trade area of Midvale in Salt Lake County since 1951, as well as in other cities of Utah as far away from Salt Lake City as Richfield (about 150 miles) since 1948.

The difficulty in the present case arose when the defendants attempted to commence their business using the name "Pioneer" on the same side of the same street and within 100 feet of where plaintiff was conducting its business and was using the name "Pioneer."

 While it is true that the business of the plaintiff is conducted under the provisions of the Savings and Loan Act (Sec. 7-7-1 et seq., Utah Code Annotated 1953), and that the businesses of the defendants are conducted under the Industrial Loan Act (Sec. 7-8-1 et seq., Utah Code Annotated 1953), this distinction is not one which is or would be apparent to the general public; and there can be no question that where two "Financial Companies" (to accept the phrase used by the defendants in their brief herein) are located within 100 feet of each other on the same side of the same street, and each use the same word "Pioneer" as the initial word of their business name, there will be confusion in the minds of the public who are dealing or who may be inclined to deal with one or the other or both of them. There can be no question that the two businesses on the same side of the same street and within 100 feet of each other are in the same trade area.

 In this regard it is noted that the trade area of Sugarhouse is well known to any and all alert residents of Salt Lake City and County. The center of Sugarhouse trade area is the intersection of 11th East Street and 21st South Street where is located a large statue and monument and there has been a considerable widening of the street. Sugarhouse has a historical background as the site of an original sugar mill in Salt Lake Valley, and was the site of the Utah State Prison for many years. It has its own Chamber of Commerce and civic clubs. Its stores and businesses are among the more progressive and aggressive in Utah and it would be a dark day indeed for Utah's daily newspapers and other advertising media if there were no advertisements from Sugarhouse. It is of such common knowledge that the trial court and this court can and must take judicial notice that it is a distinct trade area within Salt Lake City and County.

The lower court correctly found that the plaintiff was entitled to protect its use of the word "Pioneer" in conducting its financial business in the Sugarhouse trade area of Salt Lake City from the defendant's use

of the same word in conducting their financial business in the same trade area.

Affirmed. Costs to plaintiff.

McDONOUGH and CROCKETT, JJ., and JOSEPH E. NELSON, District Judge, concur.

WADE, J., heard the arguments, but died before the opinion was filed.

HENRIOD, C. J., and CALLISTER, J., having disqualified themselves, do not participate herein.