## WESTERN OIL REFINING CO. v. JONES.

Circuit Court of Appeals, Sixth Circuit.
July 10, 1928.

No. 4946.

1. **Trade-marks and trade-names and unfair competition ⬅43—"Silver Flash" held registrable trade-name for gasoline.**

"Silver Flash," used as a trade-name for gasoline, *held* registrable as such.

2. **Trade-marks and trade-names and unfair competition ⬅67—Seller of gasoline under trade-name "Silver Flash" held entitled to exclusive use of name within state in which operating.**

Seller of gasoline under trade-name "Silver Flash," selling gasoline within state of Ohio, *held* entitled to exclusive use of name within entire state as being territory, which may reasonably be expected to be within normal expansions of business, in view of modern transportation methods and fact that many purchasers are travelers from a distance.

3. **Trade-marks and trade-names and unfair competition ⬅57—Test of infringement is whether alleged infringing trade-trade or label resembles other mark or label as to be likely to be mistaken therefor.**

Test of infringement is whether alleged infringing trade-mark or label, taken as a whole, so far resembles other trade-mark or label as to be likely to be mistaken for it by casual or unwary purchaser.

4. **Trade-marks and trade-names and unfair competition ⬅59(5)—"Super-Flash," used as trade-name for gasoline, held to infringe name "Silver Flash."**

Trade-name "Super-Flash," used in sale of gasoline, *held* to infringe the name "Silver Flash," used by another engaged in the same business.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by the Western Oil Refining Company against Frank G. Jones, doing business as and under the name of the Ohio Valley Oil Company. Decree of dismissal, and plaintiff appeals. Reversed and remanded, with directions.

Charles O. Roemler, of Indianapolis, Ind. (Chamberlin, Marty & Fuller, of Cleveland, Ohio, and Roemler, Carter & Rust, of Indianapolis, Ind., on the brief), for appellant.

G. E. Davidson, of East Liverpool, Ohio (Hill & Davidson, of East Liverpool, Ohio, on the brief), for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. Western Oil Refining Company is an Indiana corporation extensively engaged in selling a high grade gasoline in Ohio. Since 1917 it has used the trade-name "Silver Flash" for its gasoline. In 1923 Frank Jones, operating under the name of Ohio Valley Oil Company, began selling gasoline at Wellsville and East Liverpool, Ohio, under the same trade-name. Upon notice of infringement given him by the refining company he abandoned the name in October, 1924, and adopted the name "Super-Flash." Believing that this name was also an infringement, the refining company brought this suit to enjoin Jones from using it. At the hearing, upon full proofs, the court below held that there was no infringement and dismissed the bill. From that order the refining company appeals.

[1, 2] The name "Silver Flash," as used by appellant, is, in our opinion, a registrable trade-name. Appellee does not contend that it is not or that appellant has not established the right to its exclusive use in certain sections of the country, but contends that it has not established that right in and around Wellsville and East Liverpool, where the alleged infringement occurred. The argument in support of this point is based upon the principle of territorial limitations recognized in Hanover Milling Co. v. Metcalf, 240 U. S. 403, 36 S. Ct. 357, 60 L. Ed. 713, and Rectanus Co. v. United States Drug Co. (6 C. C. A.) 226 F. 545. But see 248 U. S. 90, 39 S. Ct. 48, 63 L. Ed. 141. Those limitations, in our opinion, do not exclude territory which may be reasonably expected to be within the normal expansions of the business. Such expansions as to a trade-name for gasoline, in view of modern transportation methods and the fact that many purchasers are travelers from a distance, would ordinarily embrace at least the entire state, in which there had been a widespread advertisement and use of the name in the major part of the state. There had been such use by appellant of its name, and although it had not sold gasoline in either of the places where appellee was engaged in business, it is entitled, we think, under the principle stated, to the exclusive use of the name in both of those places.

[3] Upon the question of infringement, the test, as frequently announced by this court, is whether the alleged infringing trade-mark or label, taken as a whole, so far resembles the other mark or label as to be likely to be mistaken for it by the casual or unwary purchaser. Ohio Baking Co. v. National Biscuit Co. (6 C. C. A.) 127 F. 116; Gaines & Co.

v. Turner-Looker Co. (6 C. C. A.) 204 F. 553; De Voe Snuff Co. v. Wolff (6 C. C. A.) 206 F. 420; Garrett & Co. v. Wine Co. (D. C.) 256 F. 943. This question is obviously one that must be determined from impressions gained from the evidence and from an examination of the alleged infringed and infringing trade-marks.

[4] From our inspection of the trade-names here used, we do not observe that there is so marked a resemblance between them when written as when spoken; and we do not see that the environment in which appellee has placed his name has increased the resemblance. Appellant's name consists of two words, each of which begins with a capital. They are in script form, and are diagonally disposed. Shooting across these words is a single jagged line, apparently intended to represent flashes of lightning. Appellee's name consists of the hyphenated words "Super-Flash." The words are in block type, and are written in a horizontal plane. The first letter "S" and the last letter "H" of the combined words are double the size of the other letters, being on the same plane at the top with the other letters, but projecting beneath the plane of those letters at the bottom a sufficient distance to permit the writing of the word "gasoline" between the under projections of the two. There are numerous small jagged lines, doubtless intended to represent lightning flashes, disposed over the face of the words.

We do not go into the evidence as to the circumstances under which appellee selected his present trade-mark after abandoning the words "Silver Flash" upon appellant's demand. The word "Flash" is extensively used as a part of a trade-mark for gas or gasoline, although its numerous uses seem to have been registered subsequently to appellant's registration. It would seem to be regarded in the trade as descriptive, and standing alone, we would attach no importance to its adoption by appellee. But his selection of the word "Super" from an "exhaustless variety" of words, to be used with the word "Flash," when considered in connection with his admitted desire to preserve the good will that he had built up under the name that he had first used but had been compelled to abandon, is evidence, we think, that he not only intended that the public should, but that it is likely that it will, confuse the two names.

When we come to consider the use of the name as spoken, we have no difficulty in holding that there was infringement, whatever doubt there may be as to the effect of its more limited use on signs and placards. From the nature of appellee's business its trade-name will be frequently spoken; and although a casual observer might not mistake it for appellant's name when it is written or posted upon placards, he would quite likely, we think, mistake the one for the other when the words are spoken. For example, if one were told that "Super-Flash" was sold at one of appellee's stations, he might easily understand it to be "Silver Flash." There was some suggestion in the evidence of such intended deception; but we pass that question by and place our decision on other evidentiary disclosures and on an inspection of the two names.

It results that the decree must be reversed, and the cause remanded, with direction to the lower court to issue an injunction enjoining appellee from using the name "Super-Flash," or from otherwise infringing on appellant's trade-name.