## KRAFT–PHENIX CHEESE CORPORATION v. R. E. ROBERTSON, Inc.

### No. 545.

District Court, E. D. Michigan, N. D.

Dec. 14, 1934.

Nicholson, Snyder, Chadwell & Fagerburg, of Chicago, Ill., and Thomas J. Hughes, of Detroit, Mich., for plaintiff.

Rice & Rice, of Grand Rapids, Mich., and Klein & George, of Flint, Mich., for defendant.

TUTTLE, District Judge.

This case is before the court upon plaintiff's motion for preliminary injunction. Affidavits have been filed by both parties and testimony of witnesses called by the defendant has been taken in open court.

It is proved and not denied that the plaintiff had expended large sums of money in advertising and otherwise promoting the sale of its salad dressing under the trademark "Miracle Whip," and enjoyed a wide sale and distribution of such product in this District and throughout the United States long before defendant adopted the phrase "Wonder Mix" as a name for its salad dressing. There is little difference in meaning between the words, "Miracle" and "Won-

der." If I heard plaintiff's product "Miracle Whip" advertised over the radio or read advertisements of "Miracle Whip" in the newspapers, and afterward went into a store which was carrying both "Wonder Mix" salad dressing and "Miracle Whip" salad dressing, I should be confused as to which of the two had been mentioned in the advertisements.

In addition to the fact that the word combination "Wonder Mix" has about the same meaning or suggestion which is conveyed by the words "Miracle Whip," there is a rhythmic suggestion about the two marks, which to my mind intensifies the resemblances between them. There is no question in my mind but that the defendant adopted the phrase "Wonder Mix" in order to take advantage of the good will which the plaintiff had acquired by its extensive exploitation and sale of "Miracle Whip" products. The extent to which the defendant has imitated the plaintiff's trade-mark "Miracle Whip" goes beyond the limit of fair competition and hence constitutes unfair competition which ought to be restrained.

With reference to the label adopted by the defendant, it is clear to me that an attempt was made to simulate the design of plaintiff's label as nearly as possible. The same blue border is used, as well as the red script with which the brand name and the words "Salad Dressing" are written. The only differences between the two labels are minor ones, including the defendant's use of the words "Wonder Mix" instead of the words "Miracle Whip," and such differences are submerged in the more prominent features of plaintiff's label, which were copied by the defendant. In fact, the relatively unimportant changes in ornamentation which the defendant made in its label intensify the conviction that the defendant copied the prominent features of plaintiff's label in order that the general impressions given by the two labels would be as much alike as possible.

Defendant called various witnesses, including a grocer, to testify that in their opinion no customer is likely to be deceived by defendant's label into thinking he is purchasing plaintiff's product. Such evidence does not alter my conviction arising from my comparison of the labels themselves that purchasers would be inevitably confused between the two. Plaintiff has introduced no proof of actual deception, but where names or labels adopted by a defendant show in themselves similarity to those of the plaintiff and in such a degree as makes it appear

likely that purchasers will be deceived, proof is not required of specific instances in which persons have actually been deceived thereby.

Defendant is entitled to compete with the plaintiff provided he does so fairly. His adoption of the "Wonder Mix" name and of the label complained of in this case constitutes unfair competition and a temporary injunction should be issued before he has further invaded the rights of the plaintiff.

A preliminary injunction will issue in the form prayed, upon the filing of a bond approved by this court for the protection of the defendant in the sum of $1,000.