**KENTUCKY FRIED CHICKEN CORPORATION, Plaintiff,**

v.

**OLD KENTUCKY HOME FRIED CHICKEN, INC., Defendant.**

**Civ. A. No. 6188.**

United States District Court,
W. D. Kentucky,
at Louisville.

Jan. 26, 1970.

W. C. Boone, Jr., Marvin J. Hirn, Louisville, Ky., for plaintiff; George T. Mobille, Edward M. Prince, Washington, D. C., of counsel.

Joseph Arnold, Lexington, Ky., for defendant.

## MEMORANDUM

BROOKS, Circuit Judge, Sitting by Designation.

This action was initiated by Old Kentucky Home Fried Chicken, Inc., a Kentucky corporation, wherein Old Kentucky Home Fried Chicken, Inc. sought a declaratory judgment with regard to the right to trade and do business under the corporate trade name of Old Kentucky Home Fried Chicken, Inc. Upon the motion of the defendant, Kentucky Fried Chicken Corporation, the complaint of the plaintiff, Old Kentucky Home Fried Chicken, Inc., was dismissed without prejudice by order of this court dated June 18, 1969. Magic Foam Sales Corp. v. Mystic Foam Corp., 167 F.2d 88 (6th Cir. 1948).

By that same order of June 18, 1969, the counterclaim of defendant Kentucky Fried Chicken Corporation was designated as a complaint. That counterclaim prayed for a permanent injunction against Old Kentucky Home Fried Chicken, Inc. and its officers, employees, agents, attorneys, and privies, and all those persons in active concert or participation with it from the continued wrongful use of the trade name, trademark and service mark "Old Kentucky Home Fried Chicken" or any other words similar thereto, alone or in combination with any other words or symbols, in connection with the operation of restaurants or carry-outs, as well as food products associated therewith, as provided for in Title 15 United States Code Section 1116.

This case was tried before the court on December 5, 1969, and briefs of the parties have subsequently been filed and the court now makes findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

Kentucky Fried Chicken Corporation and its predecessors in business have, for many years prior to the January 21, 1969 incorporation of Old Kentucky Home Fried Chicken, Inc., been operators and franchisors of restaurants and carry-outs principally engaged in the preparation and distribution of specially prepared fried chicken. Kentucky Fried Chicken Corporation and its predecessors in business have adopted and used and have licensed for use by franchisees under specified standards and controls, various trademarks and service marks to identify their goods and services and those of their franchisees as well as to distinguish such goods and services from like goods and services of others. Kentucky Fried Chicken, its predecessors in business, and its franchisees have continuously used said trademarks and service marks on their goods and in connection with their services to distinguish them from similar goods and services of others.

As of September 1, 1969 there were 1,941 Kentucky Fried Chicken outlets operated by approximately 775 franchisees. Kentucky Fried Chicken itself owns and operates 416 outlets in 22 states. There are 52 Kentucky Fried Chicken outlets in the Commonwealth of Kentucky.

The estimated total gross retail sales for Kentucky Fried Chicken outlets for the fiscal year ended September 30, 1968 was $430,134,000 and the estimated sales for the fiscal year ended September 30, 1969 is $530,000,000. "Institutions" magazine currently lists Kentucky Fried Chicken as the fourth largest food institution, closely following the United States Army, the United States Health Service and the United States Navy.

Kentucky Fried Chicken has obtained and now owns the entire right, title and interest in and to certain federal trademark and service mark registrations as follows:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 838,895 | Trademark: KENTUCKY FRIED CHICKEN | November 14, 1967 |
| 815,167 | Service Mark: KENTUCKY FRIED CHICKEN | September 13, 1966 |
| 813,559 | Trademark: COLONEL SANDERS RECIPE KENTUCKY FRIED CHICKEN | August 23, 1966 |
| 838,062 | Service Mark: COLONEL SANDERS RECIPE KENTUCKY FRIED CHICKEN | October 31, 1967 |

The use by Kentucky Fried Chicken of the service marks and trademarks referred to above has caused such trademarks and service marks to become distinctive of Kentucky Fried Chicken Corporation's goods and services in commerce. Said trademarks and service marks have come to distinguish the goods and services of Kentucky Fried Chicken Corporation and its franchisees from the goods and services of others, and to indicate to distributors, dealers, retailers, and the purchasing public, goods and services having their origin in Kentucky Fried Chicken and its franchisees.

Old Kentucky Home Fried Chicken is a corporation formed under the laws of the Commonwealth of Kentucky on or about January 21, 1969 and its President, Joseph L. Arnold, has stated in deposition in this case that he intends to use the name "Old Kentucky Home Fried Chicken" in the Commonwealth of Kentucky and in other states for the purpose of selling fried chicken. The name "Old Kentucky Home Fried Chicken" will be used in conjunction with the operation of restaurants or carry-outs engaged in the preparation and distribution of fried chicken.

Furthermore, Old Kentucky Home Fried Chicken, while it has organized a corporation in the Commonwealth of Kentucky and qualified that corporation to do business in other states, has not opened any places of business to date, has not expended any money in advertising, has not hired employees, and has not otherwise incurred any substantial expenses in the development of its business under the name "Old Kentucky Home Fried Chicken."

Kentucky Fried Chicken Corporation has introduced a market survey which shows that a casual or unwary purchaser is likely to confuse the fried chicken of Old Kentucky Home Fried Chicken with the goods and services of Kentucky Fried Chicken.

The product known as "Kentucky Fried Chicken" as sold by Kentucky Fried Chicken Corporation has achieved an international reputation; that the public has come to identify the phrase "Kentucky Fried Chicken" with the product sold by Kentucky Fried Chicken Corpora-

tion; and that the use of the name "Old Kentucky Home Fried Chicken" in conjunction with the sale of fried chicken by that corporation (which has not yet commenced business operations) is likely to cause confusion, mistake and deception of distributors, dealers, retailers, and the purchasing public, all in infringement of the trademark and service mark rights of Kentucky Fried Chicken.

## CONCLUSIONS OF LAW

■■ Jurisdiction of this action for a permanent injunction exists by reason of Title 28 United States Code Section 1338(a) and Title 15 United States Code, Sections 1114(1), 1116 and 1121. Title 15 United States Code Section 1114(1) protects the owner of a registered mark against use by another of not only the precise mark but also protects against the use of a colorable imitation. McCormick & Co. v. B. Manischewitz Co., 206 F.2d 744 (6th Cir. 1953). The combination of the words "Kentucky" and "Fried Chicken", although used in conjunction with certain other words, still form a colorable imitation of Kentucky Fried Chicken's registered marks. The test of trademark infringement is whether the trademark (or service mark) taken as a whole, so resembles the infringed mark as to be likely to cause the "casual or unwary purchaser" to mistake one for the other. Western Oil Refining Co. v. Jones, 27 F.2d 205 (6th Cir. 1928); Accord, Hemmeter Cigar Co. v. Congress Cigar Co., 118 F.2d 64 (6th Cir. 1941).

■ Each alleged infringement must be separately scrutinized but the following quote from Dwight S. Williams Co. v. Lykens Hosiery Mills, 233 F.2d 398 (4th Cir. 1956), is illustrative of the rule in infringement cases:

"We think there is a clear likeness between the word 'Railroad' used here by Williams and the word 'Trainmen' employed by Lykens. In Holeproof Hosiery Co. v. Fitts, C.C., 167 F. 378, as to hosiery, 'No-Hole' was held to be too close to 'Holeproof.' In Wonder Manufacturing Co. v. Block, 9 Cir., 249 F. 748, 'Wonder' was decided to convey the same idea as 'Wizard'. 'Wearever' or 'Everwear' was declared to simulate 'Everlasting' in Aluminum Cooking Utensil Co. v. National Aluminum Works, D.C., 226 F. 815. And in Kraft-Phenix Cheese Corporation v. R. E. Robertson, Inc., D.C., 9 F.Supp. 125, the court would not permit 'Wonder Mix' to be used when contrasted with 'Miracle Whip.' "

In that case the court enjoined the use of the word "Trainmen" as an infringement of the trademark "Railroad".

Likewise, the similarity between "Old Kentucky Home Fried Chicken" bears such a resemblance to the registered mark "Kentucky Fried Chicken" leads to the conclusion that Old Kentucky Home Fried Chicken is attempting to trade upon the public acceptance of the counter-claimant's mark and would be likely to confuse the ordinary purchaser, accordingly.

It is hereby ordered that Old Kentucky Home Fried Chicken, its officers, employees, agents, attorneys and privies, and all those persons in active concert or participation with it are enjoined from the use of the trade name, trademark and service mark "OLD KENTUCKY HOME FRIED CHICKEN" or any words similar thereto alone or in combination with any other words or symbols, in connection with the operation of restaurants or carry-outs, as well as from the use of any other labeling, trade dress, advertising or promotional matter that is in such near resemblance to the labeling, trade dress, advertising and promotional matter of Kentucky Fried Chicken Corporation and its franchisees as to be likely to cause confusion, or to cause mistake, or to deceive purchasers.