ADVANCE STORES COMPANY IN-CORPORATED, doing business as Advance Auto Parts; Laralev, Inc., Plaintiffs–Appellees,

v.

REFINISHING SPECIALTIES, INC., doing business as Advance Auto Parts and Napa Auto Parts, Defendant–Appellant.

No. 98–5153.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 4, 1999.

Decided Aug. 16, 1999.

Robert DeVos (argued and briefed), Fred W. Hathaway (briefed), Bruce T. Wieder (briefed), Burns, Doane, Swecker & Mathis, Alexandria, VA, for Plaintiffs–Appellees.

Joel T. Beres (briefed), Jack Allen Wheat (argued and briefed), Wheat, Camoriano, Smith & Beres, Louisville, KY, for Defendant–Appellant.

Before: SILER, BATCHELDER, and COLE, Circuit Judges.

## OPINION

BATCHELDER, Circuit Judge.

This case presents an entirely unremarkable dispute between two auto parts retail companies for the right to use the trade name "Advance Auto Parts." The case does, however, raise the issue of whether the Lanham Act directs us to review state law or federal law in order to determine the extent of a senior unregistered user's rights in a registered trademark or trade name, an issue not heretofore addressed in a published opinion by this Circuit. We publish this opinion solely to address that issue.

Plaintiffs–Appellees are Advance Stores Company, which operates auto parts retail stores nationwide under the disputed trade name, and its wholly-owned subsidiary, Laralev, the owner of Advance Stores Company's trademarks (hereinafter collectively referred to as "Plaintiff"). Defendant–Appellant, incorporated as Refinishing Specialties, operates three NAPA auto parts stores in Jefferson County, Kentucky, under the disputed trade name. The district court issued several opinions in this case, culminating in a grant of summary judgment to the Plaintiff, an order that Plaintiff, as the federally registered user of the trade name, has the right to use the name throughout the United States except in Jefferson County, Kentucky, and an order canceling Defendant's Kentucky service mark registration of the trade name. For the reasons that follow, we **AFFIRM** the district court's opinions and final judgment in all respects.

## I. FACTUAL BACKGROUND

Plaintiff has been in the business of retailing automobile parts since 1932, when it opened its first store in Virginia. Over the years the business has expanded into many states and has used several variations on its initial name of "Advance Stores," until, in 1984, Plaintiff settled on "Advance Auto Parts," which it has used consistently ever since.

Plaintiff first registered the name "Advance Auto Parts" and the related design under the Lanham Act in April 1988. In 1992, Plaintiff filed an assumed name certificate for "Advance Auto Parts" with the Kentucky Secretary of State, and recorded a copy of that certificate in Jefferson County, Kentucky, pursuant to KRS

§ 365.015.[1] Plaintiff did not, however, open a store in Jefferson County. Presumably, although Plaintiff does not make any mention of it, Plaintiff also filed copies of the assumed name certificate in counties in eastern Kentucky, because it opened stores in Prestonburg and Paintsville (both in eastern Kentucky).[2] In August 1993, a representative of Plaintiff looking for sites in Louisville, saw a NAPA truck bearing the name "Advance Auto Parts;" consulting the Yellow Pages, he determined that Defendant had several stores in the Louisville area using that name.

In 1974, Defendant opened a retail automobile parts store in Louisville, Kentucky,[3] under the name "Advance Auto Parts." Defendant is a retailer of NAPA automobile parts, although it also sells items which do not bear the NAPA brand. NAPA pays for a good deal of Defendant's advertising, which uses the NAPA name and logo extensively. Defendant opened its second store in 1982, in Jeffersontown, Kentucky, and its third store in 1994, in Louisville. All three of these stores are located in Jefferson County, Kentucky, where there are six other NAPA auto parts stores.

It was not until November 1993, that Defendant applied for a Kentucky certificate of assumed name for "Advance Auto Parts." That certificate has not been issued. In January 1994 and July 1994, Plaintiff registered modified versions of "Advance Auto Parts" under the Lanham Act. In September 1994, Defendant registered "Advance Auto Parts" in Kentucky as its service mark. In October 1994, Defendant filed a cancellation petition with the Patent and Trademark Office ("PTO"), seeking to cancel Plaintiff's two most recent federal registrations.

## II. PROCEDURAL HISTORY

Plaintiff brought this action seeking a declaratory judgment that it is not infringing any proprietary rights claimed by Defendant, Refinishing Specialties, Inc., d/b/a Advance Auto Parts, in the trade name "Advance Auto Parts"; that it is entitled to use the disputed trade name throughout Kentucky, except in Jefferson County; and that its federal service mark registrations for ADVANCE AUTO PARTS marks should not be canceled. Defendant counterclaimed, arguing that Plaintiff had engaged in federal unfair competition, state service mark infringement, and common law unfair competition, and seeking withdrawal of Plaintiff's Kentucky Statement of Assumed Name, cancellation of Plaintiff's federal service mark registrations based on Defendant's prior use and Plaintiff's alleged fraud, a permanent injunction prohibiting use of the mark in Defendant's trade area and zone of natural expansion, and damages including Plaintiff's profits, treble damages, punitive damages, costs, and attorneys' fees.

Plaintiff moved for summary judgment; Defendant moved for partial summary judgment on several issues, including likelihood of confusion and territoriality of Defendant's trade area. In a published opinion dated November 25, 1996, *Advance Stores Co. v. Refinishing Specialties, Inc.*, 948 F.Supp. 643 (W.D.Ky.1996), the district court held that

(1) the "Advance Auto Parts" mark is suggestive, and the use by both parties of the mark is likely to cause confusion, *id.* at 647–50;

(2) Plaintiff's 1988 application for federal registration of the mark establishes Defendant as the senior user

---

1. KRS § 365.015 requires that such a certificate be filed in each county in which business will be conducted under the assumed name.

2. Plaintiff has since opened a number of other retail stores throughout Kentucky, but not in Jefferson County.

3. Louisville is located in Jefferson County, which is in north-central Kentucky.

and Plaintiff as the junior user of "Advance Auto Parts," *id.* at 650;

(3) Plaintiff's 1988 federal registration of the mark has become incontestible; the Lanham Act protects Plaintiff's incontestable right to use the mark throughout the United States unless the Defendant had acquired valid rights to the name under Kentucky law, *id.* at 650–51;

(4) under Kentucky law, Defendant did not have an automatic right to statewide protection of its common law mark, but had protection only within its trade area, *id.* at 651–53;

(5) Defendant could not cancel Plaintiff's federally registered marks based on Defendant's prior use because the Plaintiff's 1994 registrations were for the "same or substantially identical" marks and products as the Plaintiff's incontestable 1988 federal registration, *id.* at 653–54;

(6) Defendant could not cancel Plaintiff's marks based on fraud because Defendant had made no showing that Plaintiff knew Defendant had superior rights to the mark when Plaintiff filed its federal registrations, *id.* at 654;

(7) Defendant's claims of unfair competition and infringement are dependent upon a jury determination of Defendant's trade territory, *id.* at 655;

(8) as a matter of law, Defendant is not entitled to an accounting because there is no showing that Plaintiff acted in bad faith or that any of Defendant's potential damages are related to Plaintiff's profits, *id.* at 655–56;

(9) Defendant's Kentucky service mark registration is canceled under Ky. Rev.Stat. 365.591, because Defendant registered the mark after the Plaintiff's had registered a similar mark likely to cause confusion with the Patent and Trademark Office, *id.* at 656.

After additional discovery related to Defendant's trade territory, Plaintiff moved for summary judgment on the remaining counts of Defendant's counterclaim—federal unfair competition, common law unfair competition, and state registration of assumed name. In an unpublished opinion dated October 23, 1997, the court found as a matter of law that under the test of market penetration, Defendant's trade territory included only Jefferson County, Kentucky, and that in spite of Kentucky's assumed name statute, Defendant was entitled to do business under the assumed name "Advance Auto Parts" to the extent of that trade territory.

On January 21, 1998, the district court entered a final and appealable judgment, summarizing the prior orders and explicitly holding that the Plaintiff was entitled to the exclusive use of the name "Advance Auto Parts" throughout the United States, except for Jefferson County, Kentucky, and that the Defendant has the exclusive right to use the name within its trade territory of Jefferson County, Kentucky.

Defendant–Appellant filed a timely notice of appeal from all three of the district court's orders.

## III. DISCUSSION

The Lanham Act provides that when a registered mark becomes incontestable (as it is in this case), the mark still may be challenged "to the extent, if any, to which the use of a mark registered on the principal register infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter of such registered mark." 15 U.S.C. § 1065 (emphasis added).[4] We hold that the district court cor-

---

4. In whole, the applicable section of the Lanham Act reads:

**Incontestability of right to use mark under certain conditions**

rectly concluded that this specific language requires the examination of Kentucky law, rather than federal common law, to determine whether Defendant had acquired any right to the exclusive use of the mark in a particular area, which would trump Plaintiff's incontestable right under the Lanham Act. The district court's reasoning is sound:

> The language of § 1065 explicitly states that the registrant's incontestability is limited to the extent that the prior user (i.e. Defendant) has valid rights "acquired under the law of any state or Territory by use of a mark or trade name." 15 U.S.C. § 1065. Although the language seems to direct courts to state law, courts often have applied what seems to be a body of federal common law in determining the prior user's rights. *See, e.g., Natural Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383 (3d Cir.1985) (using other federal court common law opinions for determining the rights of a senior user after a junior user had registered);[5] *Weiner King, Inc. v. Weiner King Corp.*, 615 F.2d 512, 523–24 (CCPA 1980) (using criteria set forth by the CCPA in *In re Beatrice Foods Co.*, 57 C.C.P.A. 1302, 429 F.2d 466, 475 (1970) in determining what rights a prior user had vis-a-vis a junior registrant); *Wrist–Rocket Manufacturing, Co. v. Saunders Archery Co.*, 578 F.2d 727, 731–33 (8th Cir.1978) (relying on an earlier Eighth Circuit case for its determination of what common-law rights the prior user had at the time of registration).

---

[5] It should be noted that the court in Natural Footwear relied on 15 U.S.C. § 1115(b)(5) [which addresses a junior user's rights after a senior user has registered under the Lanham Act], despite the fact that it was determining a senior user's rights after a junior user had registered under the Lanham Act.

Defendant argues in favor of this approach. It says that the Sixth Circuit has its own common law test for determining a user's rights, one which maintains a rule of automatic statewide protection. See *Socony–Vacuum Oil Co. v. Oil City Refiners*, 136 F.2d 470 (6th Cir.1943); McCarthy § 26.12. Defendant

---

Except on a ground for which application to cancel may be filed at any time under paragraphs (3) and (5) of section 1064 of this title, and except to the extent, if any, to which the use of a mark registered on the principal register infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter of such registered mark, the right of the registrant to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable: Provided, That—
(1) there has been no final decision adverse to registrant's claim of ownership of such mark for such goods or services, or to registrant's right to register the same or to keep the same on the register; and
(2) there is no proceeding involving said rights pending in the Patent and Trademark Office or in a court and not finally disposed of; and
(3) an affidavit is filed with the Commissioner within one year after the expiration of any such five-year period setting forth those goods or services stated in the registration on or in connection with which such mark has been in continuous use for such five consecutive years and is still in use in commerce, and the other matters specified in paragraphs (1) and (2) of this section; and
(4) no incontestable right shall be acquired in a mark which is the generic name for the goods or services or a portion thereof, for which it is registered.

Subject to the conditions above specified in this section, the incontestable right with reference to a mark registered under this chapter shall apply to a mark registered under the Act of March 3, 1881, or the Act of February 20, 1905, upon the filing of the required affidavit with the Commissioner within one year after the expiration of any period of five consecutive years after the date of publication of a mark under the provisions of subsection (c) of section 1062 of this title.

The Commissioner shall notify any registrant who files the above-prescribed affidavit of the filing thereof.

15 U.S.C. § 1065.

contends that the rule governs this case and entitles Defendant to statewide rights to its mark.

Upon reviewing the origins, language and application of the Sixth Circuit's doctrine as well as the influence of subsequent statutory enactments, this Court is convinced that it is not applicable to these circumstances. The Sixth Circuit considered Socony–Vacuum prior to the adoption of the Lanham Act. Therefore, as the court acknowledged, "property in trademarks and the right to their exclusive use rests upon the law of the several states." *Socony–Vacuum*, 136 F.2d at 475. In that particular instance, the applicable law was that of Ohio. To determine Ohio law the court relied on "the well-settled rule" that the protection of a trademark "extends to the whole state unless the state has . . . reduced the territorial limits of the mark to a smaller area." *Id.* (citing Justice Holmes' concurrence in *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 424–26, 36 S.Ct. 357, 364–65, 60 L.Ed. 713 (1916)). Socony–Vacuum also relied on an earlier case dealing with Ohio law, *Western Oil Refining Co. v. Jones*, 27 F.2d 205 (6th Cir.1928), in support of its conclusion that under Ohio law a trade name user is granted statewide protection.

For our purposes what is most important and quite clear is that Socony–Vacuum does not purport to establish Sixth Circuit common law on this issue. Moreover, none of the courts determining a prior user's rights vis-a-vis a junior registrant explain why they seemingly choose to ignore the plain language of the statute, which directs them to look at state law in determining a senior user's rights as of the junior user's federal registration. In the absence of any satisfactory explanation for the applica-

tion of federal common law. This Court will follow the clear directive of the statute and will look to Kentucky law to determine the territorial extent of Defendant's rights. [sic⁵]

*Advance Stores Co.*, 948 F.Supp. at 650–51 (two footnotes omitted). We have carefully reviewed the law and conclude that the district court is entirely correct that state law, rather than federal law, governs this determination. Giving credit where it is due, we adopt the district court's reasoning and conclusion as our own.

Furthermore, after carefully reviewing the record, the applicable law and the parties' briefs, and having had the benefit of oral argument, we are convinced that the district court correctly concluded that there are no material factual issues remaining for trial, and that the court did not err in its conclusions as to any of the issues raised on appeal. Because the district court's opinions, both published and unpublished, carefully and correctly set out the law governing the issues raised, and clearly articulate the reasons underlying its decisions, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinions referenced hereinabove, we **AFFIRM** in all respects the judgment of the district court.

---

**5.** We quote the two preceding sentences exactly as they appear in the opinion as published. However, as the text appears in the opinion filed in the district court, these two sentences read: "In the absence of any satis-factory explanation for this method, this Court will follow the clear directive of the statute and will look to Kentucky law to determine the territorial extent of Defendant's rights."