**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4066**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DOUGLAS ROSEBY,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:09-cr-00178-JFM-1)

———————————

Submitted:  November 2, 2011     Decided:  November 17, 2011

———————————

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Towson, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Paul E. Budlow, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Roseby appeals his convictions and 420-month sentence after a jury convicted him of one count each of possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C.A. §§ 2, 841 (West 1999 & Supp. 2011); possession with intent to distribute heroin and aiding and abetting, in violation of 21 U.S.C.A. §§ 2, 841; possession of a handgun in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C.A. §§ 2, 924(c) (West 2000 & Supp. 2011); and possession of a firearm by a convicted felon and aiding and abetting, in violation of 18 U.S.C.A. §§ 2, 922(g) (West 2000 & Supp. 2011). Roseby asserts that: (1) the district court erred when it denied his request for a continuance of the motions hearing and trial date; (2) the district court erred when it denied his request for a Franks[1] hearing; (3) there was insufficient evidence that the firearm he possessed had the requisite interstate nexus to support his § 922(g) conviction; and (4) the district court erred in admitting a special agent's testimony concerning the "ways and means" of drug dealing. Roseby has also filed a motion to file a pro se supplemental brief with this court, which includes a letter he purportedly sent to appellate counsel about several

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

2

issues he wanted counsel to raise on appeal.  We deny Roseby's motion to file a pro se supplemental brief and affirm the district court's judgment.[2]

First, we review a district court's denial of a motion for a continuance for abuse of discretion.  United States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006).  Even if a defendant demonstrates that the district court abused its discretion in denying a motion for a continuance, "the defendant must show that the error specifically prejudiced [his] case in order to prevail."  United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005).  "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and

_____

[2] In his motion to file a pro se supplemental brief, Roseby asks that he be allowed to supplement his appeal with issues he asserts he asked counsel to include in his opening brief, but which were not included.  Roseby also includes with his motion what appears to be a copy of a letter he sent to his appellate counsel, in which he criticizes the district court and trial counsel, and lists ten issues he wanted appellate counsel to raise before this court.  Because Roseby is represented by counsel who has filed an extensive merits brief, as opposed to a brief pursuant to Anders v. California, 386 U.S. 738 (1967), he is not entitled to file a pro se supplemental brief and we deny the motion.  See Fed. R. App. P. 28(a), (c) (permitting appellant to file a formal opening and reply brief).  Moreover, to the extent that Roseby attempts to assert an ineffective assistance of counsel claim based on appellate counsel's failure to include several issues in his opening brief, we find that ineffective assistance does not conclusively appear on the record.  See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (noting ineffective assistance claims may be addressed on direct appeal "only if the lawyer's ineffectiveness conclusively appears from the record").

arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks and citation omitted). We have reviewed the record and conclude that the district court did not abuse its discretion when it denied Roseby's motion for a continuance.

We also reject Roseby's assertion that the district court erred when it failed to conduct a Franks hearing. For a criminal defendant to be entitled to a Franks hearing, this court has required a "dual showing[,] . . . which incorporates both a subjective and an objective threshold component." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). First, the defendant must show that the affiant to a search warrant made a false statement in the warrant affidavit, knowingly and intentionally, or with reckless disregard for the truth[.]" Franks, 438 U.S. at 155-56. Next, the defendant has the burden to show that the false statement itself was necessary to a determination of probable cause, and if probable cause still exists absent the false statement, then no Franks hearing is required. Id. at 156.

The defendant carries a heavy burden in showing the necessity of a Franks hearing. United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994). Additionally, the "showing 'must be

4

more than conclusory' and must be accompanied by a detailed offer of proof." Colkley, 899 F.2d at 300 (quoting Franks, 438 U.S. at 171). Accordingly, allegations of misconduct must be supported through affidavits and sworn witness statements, or an explanation of why they cannot be provided. Franks, 438 U.S. at 171. We have conducted a de novo review of the record and conclude that Roseby did not meet his burden of establishing he was entitled to a Franks hearing. See United States v. Tate, 524 F.3d 449, 455-57 (4th Cir. 2008).

We conclude that the Government produced sufficient evidence to support Roseby's § 922(g) conviction. To establish a § 922(g) violation, the Government was required to prove that: (i) Roseby was a convicted felon at the time of the offense; (ii) he voluntarily and intentionally possessed a firearm; and (iii) the firearm traveled in interstate commerce at some point. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). As to the last element, which is the only element challenged by Roseby, the Government was required to prove that the firearm or ammunition in question was "in or affecting commerce," or that the firearm or ammunition "has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g).

It is well established that this element is satisfied where, as here, there is proof that the firearm was manufactured in another state or country. United States v. McQueen, 445 F.3d

757, 759 (4th Cir. 2006). We reject Roseby's argument that § 922(g), as applied to him, should be found unconstitutional under United States v. Lopez, 514 U.S. 549 (1995), because a component of the handgun was manufactured more than seventeen years before it was found in his home by police. See United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996); accord Gallimore, 247 F.3d at 138 (rejecting defendant's post-Lopez argument that the Supreme Court requires more than a showing that a firearm was manufactured in another state); United States v. Nathan, 202 F.3d 230, 234 (4th Cir. 2000) (holding that proof that a gun is manufactured in one state and used in another is sufficient to establish the interstate commerce element of § 922(g) and the government is not required to prove the firearm or ammunition substantially affected interstate commerce).

Roseby last asserts that although the Government offered a special agent as an expert at trial, the district court "failed to make an affirmative ruling in accepting him as such." Roseby asserts that absent such an affirmative ruling, the agent was only a lay witness who was forbidden from expressing an opinion based on specialized knowledge. This court reviews district court evidentiary rulings for abuse of discretion, United States v. Basham, 561 F.3d 302, 325-26 (4th Cir. 2009), and will overturn a conviction only if we find that a "district court judge acted arbitrarily or irrationally in

6

admitting evidence." United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008) (internal quotation marks and citations omitted).

We find that the agent's opinion testimony was not impermissible testimony under Fed. R. Evid. 701, but that the district court correctly and affirmatively accepted the agent as an expert under Fed. R. Evid. 702. See, e.g., United States v. Hopkins, 310 F.3d 145, 150-51 (4th Cir. 2002) (officer with seven years drug investigation experience qualified as expert to explain how materials found with defendant, including pager, scales, and gun, were indicative of drug distribution).

Based on the foregoing, we deny Roseby's motion to file a pro se supplemental brief and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED